* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with modifications.
 * * * * * * * * * * *
The following were marked and received into the evidentiary record in this matter by the Deputy Commissioner as: *Page 2 
 EXHIBITS 1. Plaintiff's Exhibit No. 1 — NCIC forms and Secretary of State information;
 2. Plaintiff's Exhibit No. 2 — Medical records;
 3. State's Exhibit No. 1 — Secretary of State records; and
 4. State's Exhibit No. 2 — NCIC coverage screen.
 * * * * * * * * * * * RULING ON MOTION TO DISMISS
Plaintiff has moved to dismiss defendant's appeal for Defendant's failure to timely file his Form 44 and his failure to file a brief. Upon review of Plaintiff's motion, and in light of Defendant's pro se status, the Full Commission, in its discretion, declines to dismiss Defendant's appeal. Although Defendant's Form 44 was filed after the date upon which it was due, the Full Commission finds that Plaintiff has not shown that he was prejudiced by the late filing. Thus, Plaintiff's motion to dismiss Defendant's appeal is hereby DENIED.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 45 years old. Plaintiff did not graduate from high school, but did obtain his General Equivalency Diploma. Plaintiff's prior work experience includes being a mechanic and logger.
2. A.D. Vinson, Sr. d/b/a A.D. Vinson Logging, Inc., hired Plaintiff to drive a sheer cutter. Plaintiff states that his base salary was $400.00 per week in cash and he would be paid extra for work done on Saturdays and Sundays. Plaintiff stated that his workday began at 7:00 a.m. and he worked until the sun went down. Mr. Vinson provided transportation to the job sites. *Page 3 
3. On December 7, 2004, Plaintiff states he was working alongside Dynell Thornton Askew a/k/a "Chick," Randy Howard, Gregory Clark a/k/a "T. Buster," Michael Sexton, Alvin Vinson, Jr. a/k/a "AJ," and Mr. Vinson. Plaintiff states that "T. Buster" and Dynell were truck drivers, Randy drove the tractor, "Chick" drove a tractor and topped trees, and "A. J." utilized the tree cutter. They were working on a job site in Franklin, Virginia. Plaintiff was working on putting a center section into the tractor while the other workers continued to clear trees. Plaintiff finished his job on the tractor and began to assist in the topping of a tree. Plaintiff was struck in the head by part of the tree. He has no memory of the actual event. Plaintiff sustained injuries to his neck, head, back, leg, and lost his sense of taste and smell.
4. Plaintiff states that Mr. Vinson, Sr., transported him to Louise Obasee Memorial Hospital. He was immediately stabilized and airlifted to Norfolk-General Hospital. Plaintiff was diagnosed with comminuted and displaced frontal-sinus fracture, right greater than left, subdural hematoma and epidural hematoma, comminuted anterior frontal-sinus fracture, and displaced bilateral posterior-table sinus fractures. Plaintiff underwent surgery to correct his injuries and a metal plate was placed in his skull. Plaintiff was in the hospital from December 7, 2004, through December 13, 2004.
5. Plaintiff stated that he has not been able to receive follow up care for his injuries as his Medicaid was cancelled. Plaintiff states that he has continual back and neck pain along with migraine headaches. Plaintiff further states that he lost his ability to taste and smell. Plaintiff states that he is unable to work due to the pain and limitations from his injuries. *Page 4 
6. Mr. Vinson stated that his occupation was that of "procurer," meaning he buys and sells timber and does some yard service work. Mr. Vinson admitted that he solely owned AD Vinson Logging. Mr. Vinson stated that when he named the company his son was a small boy. Mr. Vinson stated he filed paperwork with the North Carolina Secretary of State's office, but he never really ran a company. He further stated that he did not prepare any books regarding the accounting of his company, nor did he file any tax returns as a business.
7. Mr. Vinson stated that he "worked" several people over the years. Mr. Vinson stated that he engaged Gregory Clark, Thornton Askew, Charles Swing, Michael Sexton, and Alvin "AJ" Vinson, Jr., to work for his company. Mr. Vinson stated that he worked different people, and that today one person would work for him and tomorrow it would be another. Mr. Vinson stated that he paid the $35.00 to $40.00 per day.
8. Mr. Vinson was aware that in order to sell lumber he was required to have workers' compensation insurance. Mr. Vinson stated that his son Alvin "AJ" Vinson, Jr. had a workers' compensation policy from March 2002 to March 2003. Mr. Vinson stated that his son "AJ" was about 13 years old in 2001; therefore, he would have been 14 years old when the policy was taken out. Mr. Vinson stated that "AJ," who is approximately 14 years old, was trying to start a logging business and/or had a tree trimming business.
9. Plaintiff remains out of work and is receiving Social Security Disability benefits. He does not have any health insurance or the financial ability to obtain treatment for his injuries.
10. The Full Commission, based on the totality of the evidence of record, finds Plaintiff to be more credible than Defendant regarding the number of workers in Defendant's employ and the facts at issue in this matter. *Page 5 
11. Defendant did not have workers' compensation insurance to cover his employees on December 7, 2004. A.D. Vinson, Sr. was the person with the ability and authority to bring Defendant into compliance with the Act.
12. Plaintiff did not submit any medical bills for the medical treatment he received related to his compensable injury.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On December 7, 2004, there was an employment relationship between Plaintiff and Defendant. Defendant had three or more employees, and the parties were subject to the Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
2. On December 7, 2004, Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment, in which he sustained injury to his head, neck, back, leg, and lost his ability to taste and smell. N.C. Gen. Stat. § 97-2.
3. Plaintiff's average weekly wage is $400.00, yielding a compensation rate of $266.80. N.C. Gen. Stat. § 97-2.
4. Plaintiff is entitled to have Defendant pay him temporary total disability benefits at the rate of $266.80 per week from December 8, 2004, through the present and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
5. Plaintiff's medical treatment for his injury was reasonably required to effect a cure, give relief, or lessen the period of disability, and Plaintiff is entitled to have Defendant pay *Page 6 
for all medical treatment casually related to his compensable injury by accident and for any subsequent treatment recommended by his treating physicians. N.C. Gen. Stat. §§ 97-25, 97-25.1.
6. Defendant had three or more employees on December 7, 2004, and did not have workers' compensation insurance to cover his employees. N.C. Gen. Stat. § 97-2(1).
7. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, an until the same ceases. N.C. Gen. Stat. § 97-94(b).
8. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance shall be a guilty of a Class H felony. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to one hundred percent (100%) of the amount any compensation due the employer's employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay temporary total disability benefits at the rate of $266.80 per week from December 8, 2004, through the present and continuing until further Order of the *Page 7 
Commission. The amount that has accrued shall be paid in a lump sum, subject to the attorney's fee set out below. Thereafter, Defendant shall make weekly payments to Plaintiff, subject to the attorney's fee set out below.
2. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to Plaintiff. Plaintiff's counsel is due twenty-five percent (25%) of the past due temporary total disability from December 8, 2004, and this amount shall be paid directly to Plaintiff's attorney. Thereafter, Plaintiff's counsel is entitled to every fourth compensation payment.
3. Defendant shall pay for and provide medical treatment for Plaintiff's December 7, 2004, injury to the extent such treatment is necessary to effect a cure, give relief, or lessen the disability.
4. Plaintiff's counsel shall send a copy of this decision to all of Plaintiff's healthcare providers that treated Plaintiff for his compensable injuries. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these balances from Carlton Boone. Collection should be directed to Defendant A.D. Vinson d/b/a/ A.D. Vinson Logging, Inc., 146 West Modlin Road, Ahoskie, North Carolina 27910. Failure to comply with this Order by the healthcare providers and their collection agencies will result in initiation of contempt proceedings against the persons in violation of this Order.
5. Pursuant to N.C. Gen. Stat. § 97-47(b), a civil penalty in the amount of $50.00 is hereby assessed against Defendant A.D. Vinson d/b/a A.D. Vinson Logging, Inc., for failure to *Page 8 
maintain workers' compensation coverage in North Carolina for a total of one day. Defendant shall make a check payable to the Industrial Commission in the amount of $50.00. This check shall be sent directly to Assistant Attorney General Tracy Curtner at the office of the North Carolina Industrial Commission Fraud Unit.
6. Pursuant to N.C. Gen. Stat. § 97-94(d), an additional penalty in the amount of 100% of the compensation due to Plaintiff in this matter is assessed against Defendant A.D. Vinson, Sr., for failing to comply with N.C. Gen. Stat. § 97-93. Defendant A.D. Vinson, Sr. shall send a check in the amount of $18,637.88 (TTD to date of hearing-$18,637.88 + Meds-? + PPD-?) made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
7. Should the parties reach a settlement in the workers' compensation claim, Defendant shall contact Assistant Attorney General Tracy Curtner regarding settlement of the penalties that have been assessed in this matter.
8. Defendant shall pay the costs of this proceeding.
This 28th day of September 2007.
S/______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ DANNY LEE McDONALD COMMISSIONER
 S/______________________ PAMELA T. YOUNG CHAIR *Page 1